Mr. Justice Hunt
delivered the opinion of the court:
The claimant was commissioned captain Forty-second' Infantry, to rank from January 22,1867, and served as captain in that regiment until it was consolidated with the Sixth Infantry by General Orders Nos. 16 and 17, series of 1869, from headquarters of the Army.
General Order No. 16 was issued in compliance with the second section of the Act March 3, 1869, (15 Stat. L., 318,) by which the infantry regiments were required to be consolidated, and the whole number reduced to twenty-five regiments.
This order, after requiring the consolidation of infantry regiments as directed in the act of Congress, further directs that the senior company officers of each grade present for duty with any two regiments to be consolidated, and fit for active service, will be the officers of the consolidated regiment. The supernumerary officers will be ordered to their homes to await further orders.
It is further provided in Order No. 16 that all vacancies that may hereafter occur in the twenty-five infantry regiments will be filled by assignment of the senior officers of the same grade from the list of officers awaiting orders.
General Order No. 17 provides that the company officers will be assigned, as directed in General Order No. 16, from the senior officers present and fit for active service with any two regiments consolidated; but should any of the officers so assigned prefer “ to await orders,” the senior officers of the grade desiring service with their regiments may be substituted for them.
After the consolidation of the Forty-second Regiment with the Sixth, the claimant was, on the 22d of April, 1869, regularly assigned captain of Company H in the Sixth consolidated regiment, and on the 20th of May following he joined his company, H. On the 29th of the same month he was regularly transferred from Company H to Company A, vice Capt. C. M. Bailey, unfit for active service.
It does not appear that the claimant ever joined Company A, to which he was transferred. Soon after his transfer he addressed the following note to the Adjutant-General:
*60 “Fort Gibson, Cherokee Nation,
“ May 3, 1869.
“ Sir : I have the liouor, iu accordance with par. 3, General Order No. 17, current series, headquarters of the Army, to elect to be placed on waiting orders.
“ I am, sir, very respectfully, your obedient servant,
« S. 0. WILLIAMSON,
“ Ocvpt. Sixth Infantry, late Ga§t. Forty-second Infantry.
“Assistant Adjutant-General,
“ Headquarters Department of the Missouri,
“ Fort Leavenworth, Kansas.”
On the 21st of June, 1869, the Adjutant-General responded to the claim,ant’s request as follows: “ By authority of the General of the Army, Capt. S. G. Williamson, Sixth United States Infantry, is, at his request, relieved from duty in this department, and will proceed to his home and await orders, reporting thence by letter to the Adjutant-General of the Army and to these headquarters.”
The claimant was mustered out of service on the 31st of December, 1870.
From the 15th of December, 1869, to the 31st December, 1870, he was paid $991.67, which was less than full pay by $690.11, but he claims only $680.11.
The action in the Court of Claims was brought to recover this balance. The court awarded to him the amount claimed, and the United States appeal to this court. ■
The argument against the allowance of full pay is based upon the Act MarohS, 1863, (12 Stat. L., 731,) which provides “that any officer absent from duty with leave, except from sickness or wounds, shall, during his absence, receive half of the pay and allowances prescribed by law, and no more.” Captain Williamson, it is said, was, during the period in question, absent from duty with leave, being neither sick nor wounded, and hence, it is said, can receive but half pay, however that absence might have been caused. This argument is unsound.
The distinction between the case of an officer “ absent from duty with leave ” and that of an officer ordered to proceed to a particular place and there “ to await orders, reporting thence by letter to the Adjutant-General of the Army and to these headquarters,” is too plain to require much comment.
*61 While absent from duty “ with leave,” the officer is at liberty to go where he will during the permitted absence, to employ his time as he pleases, and to surrender his leave if he chooses. • If he reports himself at the expiration of his leave, it is all that can be asked of him.
The obligations of an officer directed to p roceed to a place specified, there to await orders, are quite different. It is his duty to go to that place and to remain at that place. He cannot go elsewhere; he cannotreturn until ordered. He is as much under orders, and can no more question the duty of obedience than if ordered to an ambush to lie in wait for the enemy, to march to the front by a particular direction, or to the rear by a specified time.
The authority to give leave of absence is committed by law to particular persons. The mode of making the application for leave is pointed out, and the maximum of its duration is prescribed. (Army Reg., 1863, art. 21, adopted by the Act July 28, 1866.) A department commander can grant leave of absence for a p'eriod not exceeding sixty days. Applications for leave exceeding four months must be referred to the War Department.. '
The direction, on the other hand, to proceed to a particular place, there to await orders, how long to remain there, to attack, to retreat, or to do any other specified thing, belongs -to the officer in charge.
That the assignment was made at the request of the officer can make no difference. The pay is regulated by the position, and not by the manner of influence by which the position is acquired.
Captain Williamson was ordered by the Adjutant-General of the Department of Missouri, by authority of the General of the Army, to proceed to his home and await orders, reporting thence by letter to the Adjutant-General of the Army and to these headquarters.
The power to make this assignment was a portion of the executive authority, and was Tested in the commander of the Army. Captain Williamson was not only justified in obeying this order, but it was his duty to obey it. It was his duty to proceed at once to his home, there to remain, subject to orders to be communicated to him. He was expressly required by General Order No. 2 to make no application for special duty, but was informed *62 that if his services were required a detail would be made without his application. He did proceed to his home and there remained waiting for orders until he was mustered out of the nervice. He was waiting orders, in pursuance of law, but was not absent from duty on leave.
It is not in the power of the executive department or any branch of it to reduce the pay of an officer of the Army. The regulation of the compensation of the officers of the Army belongs to the legislative department of the Government. Congress has fixed the pay of a captain of infantry at $165 per month. The deduction of one-half of the amount, when absent from duty on leave, is not applicable to the case of Captain Williamson. He is entitled to his full pay as a captain of infantry. The Court of Claims has done right, therefore, in giving its award in his favor for the amount withheld, and its judgment is affirmed.